IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Criminal No. 4:08cr1DPJ-JCS

WILLIAM ALLEN BOYER

MEMORANDUM OPINION AND ORDER

This criminal matter is before the Court on Defendant's motion to transfer venue to the appropriate Federal District Court in Ohio based on Federal Rule of Criminal Procedure 21(b). Having fully considered the parties' submissions and the applicable law, the Court finds that the motion is well taken and should be granted.

I.      Facts and Procedural History

Defendant is an adult male from Ohio who was temporarily stationed at the Meridian Naval Air Station in Lauderdale County, Mississippi. While in Mississippi, Defendant allegedly used a computer to send suggestive electronic messages to a minor female acquaintance in Ohio. The indictment charges violation of 18 U.S.C. § 2422(b) for attempting to persuade, induce, entice, or coerce the minor into engaging in sexual activity upon Defendant's returned to Ohio.

This is the second time the issue of venue has been before the Court. Defendant originally challenged venue in Mississippi on the ground that the indictment should have been brought in Ohio. This Court denied that motion. *See* August 8, 2008 Order [48]. Defendant now claims that, for convenience of the parties, witnesses, and in the interest of justice, the case should be transferred to Ohio. The Government opposes the motion.

II.     Analysis

To begin with, the Court agrees with the Government's contention that venue for a charge under Section 2422(b) can exist in more than one district pursuant to 18 U.S.C. § 3237(a) and that Mississippi is a proper venue in this case.  *See* August 8, 2008 Order (citing *United States v. Rowe*, 414 F.3d 271, 279 (2d Cir. 2005)).  The issue now before the Court is whether Ohio is a more convenient venue.

Rule 21(b) states:  "Upon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice."  Application of Rule 21(b) is a matter of discretion for the trial court.  *United States v. Walker,* 559 F.2d 365, 372 (5th Cir. 1977).  However, the precise standard is not entirely clear.  Rule 21(b) has received far less attention than its civil counterpart, 28 U.S.C. § 1404, which also allows transfer for "the convenience of parties and witnesses, in the interest of justice . . . ."  The Fifth Circuit Court of Appeals has frequently examined § 1404 and has adopted a list of public and private interest factors.  *See, e.g.*, *In re Volkswagen of Am., Inc*., 506 F.3d 376, 383 (5th Cir. 2007).  However, neither party has presented a Fifth Circuit case with similar analysis under Rule 21(b), and the Court's own review uncovered no such cases since Rule 21(b) was amended in 1966.

Nevertheless, in *Platt v. Minnesota Mining & Manufacturing Co.,* the United States Supreme Court assumed, without deciding, that the following factors applied in a criminal proceeding against a corporate defendant:

> (1) location of corporate defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6)

  expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; [and] (9) docket condition of each district or division involved.

376 U.S. 240, 243-244 (1964).

  Although *Platt* was decided prior to the 1966 amendments, courts continue to consider these factors under Rule 21(b).  2 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 341 (3d ed. 1998).  Moreover, the *Platt* list is similar to the private interest factors applied by the Fifth Circuit under §1404, including: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 n. 8 (5th Cir. 2004).  The *Platt* factors also track at least some of the public interest factors under § 1404, which include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.*

  Based on the parties' submissions, it appears that Ohio provides relatively easier access to sources of proof.  Trial in either venue will require out-of-state witnesses to travel to the other forum.  For example, two federal investigators are currently found in Mississippi.  However, the majority of potential witnesses are found in Ohio, including:  (1) the victim of the alleged crime; (2) the Defendant; (3) the alleged victim's guardians who discovered the electronic communications and turned them over to federal agents; (4) the federal agents who obtained the communications, initially investigated the charge, and coordinated with the agents in Mississippi;

(5) character witnesses; and (6) witnesses to the relationship between Defendant and the alleged victim. The expense of bringing these witnesses from Ohio to Mississippi is obvious.[1] *Platt*, 376 U.S. at 244. Similarly, the location of the Ohio witnesses makes Mississippi a less accessible place of trial for those witnesses. *Id*. All of this indicates that Ohio is more convenient for most potential witnesses and for the parties.[2]

*Platt* also lists "location of counsel" as a factor in the equation. *Id*. at 244. Assuming this is a valid consideration, it appears neutral.[3] The Government prefers trial in Mississippi to avoid transferring the case to a new federal prosecutor. However, the case against Defendant is not complicated. There are few documents, there are a limited number of witnesses (most of whom reside in Ohio and would be more accessible to an Ohio prosecutor), and the alleged conduct occurred over a span of a few days. Preparing new counsel, should the Department of Justice decide to do so, presents no significant barrier to transfer. As for Defendant, he has already expressed a desire to retain Ohio counsel.

Another consideration is the location of the "events likely to be in issue." *Id.* at 243. This factor also weighs in favor of transfer. But for Defendant's temporary stay in Mississippi, the facts surrounding this case all arise out of Ohio. It appears from the record, which includes

---

[1] This assumes the witnesses would voluntarily travel to Mississippi. The Ohio witnesses, including the alleged victim (whose testimony could be crucial), reside beyond the reach of this Court's subpoena power.

[2] While the two federal agents located in Mississippi may have to travel, those witnesses testified in a previous suppression hearing in which they relied significantly on information provided by their counterparts in Ohio.

[3] Under §1404, convenience of counsel "is irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).

the electronic communications, that Defendant and the alleged victim knew each other in Ohio before he was stationed in Mississippi.  Thus, to the extent there is a relationship, it began in Ohio and would have been witnessed in Ohio.  Moreover, Ohio is where she allegedly received the communications and where the alleged rendezvous was to take place.  While Defendant sent the electronic communications during a temporary stay in Mississippi, Ohio has a much closer nexus to the "events likely to be in issue."  *Id*.

Several of the *Platt* factors are less relevant in the context of this case.  For example, the location of the documents and records is not overly compelling given the limited number of documents and other evidence.  Disruption of Defendant's business would be more significant against a corporate defendant, and the Court sees no application in this case.  Finally, the Court lacks sufficient information to evaluate the docket condition of the other district or division involved.  *Id*. at 243-44.

In addition to the *Platt* factors, Defendant argues one of the traditional public interest factors considered under § 1404, "familiarity of the forum with the law that will govern the case."  *Action Indus.*, 358 F.3d at 340 n.8.  The ultimate issue for the jury is whether the alleged acts violated § 2422(b), but a conviction would necessarily require proof that the acts Defendant allegedly attempted to coerce would have violated Ohio Criminal Code Section 2907.4.  The weight of this factor is minimal, however, because the operative statute is federal, and the underlying state statute is not complex.  Still, to the extent it should be weighed at all, it would slightly favor transfer.

The Government makes two final arguments in opposition to transfer.  First, the Government argues, without supporting authority, that the transfer should be denied because it

5

would cause delay.  There is no suggestion, however, that the case could not be tried consistent with the Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174.  Moreover, as previously noted, this is not a complicated case.  Accordingly, although some delay may occur, the Court finds that it will not outweigh the factors in favor of transfer.  Second, the Government argues that this case should remain in Mississippi because Defendant faces a separate indictment for possessing child pornography on a computer in Mississippi.  The Government argues, without explanation, that "justice would best be served by both of the defendant's indictments being tried and prosecuted in Mississippi."  However, as the Government notes, the second indictment "has no contact with the State of Ohio."  There has been no motion to join these cases, so they will be tried separately.  Even if joined, Rule 21(b) expressly allows the Court to transfer "one or more counts."

III.	Conclusion

Viewing the full record and all relevant factors, the Court finds that the balance of convenience substantially weighs in favor of transfer and that transfer would be in the interest of justice.  Defendant, in his motion, seeks transfer only to "the appropriate Federal District Court in the State of Ohio."  A review of the record indicates that Defendant's home is Middletown, Ohio.  As such, this case is transferred to the United States District Court for the Southern District of Ohio, Western Division, Cincinnati.

**SO ORDERED AND ADJUDGED** this the 28th day of August, 2008.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE